This memorandum opinion was not selected for publication in the New Mexico Appellate Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**NORBERT A. SCHUELLER,**

Plaintiff/Petitioner-Appellant,

**v.**                                                    No. A-1-CA-37265

**BRENDA ALBERTS, BEATRICE BELL,
and NANCY C. SANCHEZ,**

Defendants-Appellees,

and

**COUNTY OF VALENCIA,
DANNY P. MONETTE,
BEATRICE BELL, and
NANETTE SANCHEZ,**

Respondents-Appellees.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY
Cindy M. Mercer, District Judge**

Norbert A. Schueller
Belen, NM

Pro Se Appellant

Daniel J. Macke
Rio Rancho, NM

for Appellees

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Plaintiff, a self-represented litigant, appeals from the district court's order granting Defendants' and Respondents' motion to dismiss and dismissing Plaintiff's complaint with prejudice. In this Court's notice of proposed disposition, we proposed to summarily affirm. Plaintiff filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm.

{2}     In his memorandum in opposition, Plaintiff continues to argue that the district court erred in granting the motion to dismiss with prejudice pursuant to the Tort Claims Act's immunity provision essentially because defamation could not possibly be within the scope of Defendants' duties since defamation could not have been *authorized* as a duty. [*See* MIO 10-19] However, as we explained in our calendar notice and as the case law cited by Plaintiff reiterates, it is not that Defendants' purportedly *tortious acts* needed to be authorized in order to be deemed within the scope of their duties, but that Defendants needed to be acting within the scope of their duties when they purportedly committed the tortious act. [*See* MIO 11-13; CN 4-6] *See Celaya v. Hall*, 2004-NMSC-005, ¶¶ 22-26, 135 N.M. 115, 85 P.3d 239. In the present case, according to the information before the district court, Defendants were

2

at work and working for Valencia County when they purportedly committed the defamation. [*See* RP 13; CN 6] As such, they were acting within the scope of their duties as employees of Valencia County when they purportedly committed such act. *See id.* ¶ 28. Accordingly, they are immune from Plaintiff's lawsuit pursuant to NMSA 1978, Section 41-4-4 (2001); such immunity has not been waived pursuant to NMSA 1978, Sections 41-4-5 through -12 (1976, as amended through 2007); and the complaint was properly dismissed with prejudice. [*See id.*] *See id.*

**{3}** Plaintiff does note via two footnotes that Defendants were not, in fact, working during the time that they purportedly committed the defamation and that they just *happened to be* on county property at the time. [MIO 2 n.3-4] However, Plaintiff does not point out where this information was brought to the attention of the district court, and, after reviewing the record, we have not found any reference to such information in the materials presented to the district court. As this Court may not consider new information on appeal, we decline to consider these purported facts further. *See Durham v. Guest*, 2009-NMSC-007, ¶ 10, 145 N.M. 694, 204 P.3d 19 (stating that the "reference to facts not before the district court and not in the record is inappropriate and a violation of our Rules of Appellate Procedure" and declining to consider a party's new factual assertions on appeal); *see also* Rule 12-321(A) NMRA (stating that, "[t]o preserve an issue for [appellate] review, it must appear that a ruling or

decision by the trial court was fairly invoked"); *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." (internal quotation marks and citation omitted)).

{4}     Plaintiff has not otherwise asserted any facts, law, or argument in his memorandum in opposition that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Plaintiff to our analysis therein.

{5}     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order.

{6}     **IT IS SO ORDERED.**

                              **LINDA M. VANZI, Chief Judge**

**WE CONCUR:**


_____
**J. MILES HANISEE, Judge**


_____
**JENNIFER L. ATTREP, Judge**